UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANDRES GREGORY and AMALIA
VILLAFANE-GREGORY individually,
and as Parents and Natural Guardians
of SEBASTIAN GREGORY,

   Plaintiffs,

v.

MIAMI-DADE COUNTY, FLORIDA
and OFFICER LUIS PEREZ (Badge No:
H1305),

   Defendants.
_____/

## COMPLAINT

Plaintiffs, ANDRES GREGORY and AMALIA VILLAFANE-GREGORY (the "Gregorys"), individually, and as Parents and Natural Guardians of SEBASTIAN GREGORY ("Sebastian") (collectively "Plaintiffs"), sue Defendants, MIAMI-DADE COUNTY, FLORIDA (the "County") and OFFICER LUIS PEREZ (Badge No.: H1305) ("Officer Perez") (collectively "Defendants"), and states:

### COMMON ALLEGATIONS

1.  This is an action for money damages in excess of $15,000.00, exclusive of interest and court costs, and is also brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as under concurrent state law, to redress violations by the Defendants of certain rights guaranteed to Sebastian by the Fourth and Fourteenth Amendments to the United States

1

Constitution.

2. Venue is proper in this forum. This court has supplemental jurisdiction over state law claims through the operation of 28 U.S.C. § 1367. With respect to the state law claims, a timely notice of tort claim was filed as to the County in accordance with Fla. Stat. § 768.28.

3. All conditions precedent to the filing of this action have been fulfilled or waived. More specifically, written notice of Plaintiffs' state law claims was sent to the County pursuant to § 768.28, Florida Statutes.

4. At all times material, Sebastian was a resident of Florida.

5. At all times material, the County was a political subdivision of the State of Florida.

6. At all times material, Officer Perez was, on information and belief, a resident of Miami-Dade County, Florida and otherwise *sui juris*. Officer Perez was employed by the County as a police officer, and was, at all times described herein, acting within the course and scope of his official duties.

## FACTS GIVING RISE TO CLAIMS

7. On May 28, 2012, Sebastian, a 16 year old boy at the time, was walking in the area of Southwest 72nd Street and 160th Avenue, Miami-Dade County, when Officer Perez approached him from behind.

8. For no apparent reason, Sebastian was ordered by Officer Perez to get on the ground.

9. Sebastian was in the process of making himself prone on the ground with his back to Officer Perez when Officer Perez shot Sebastian multiple times in the back with a firearm.

10. Sebastian posed no threat to Officer Perez at the time he was shot in the back multiple

times, nor was he resisting Officer Perez in any way.

11. Sebastian was subsequently taken to Kendall Regional Hospital where he underwent a series of surgeries. The doctors at Kendall Regional Hospital indicated Sebastian was shot 8 to 9 times in the back, and that his vital organs were struck by Officer Perez's bullets. As a result of sustaining multiple gunshot wounds to the back, Sebastian sustained multiple external and internal injuries, including but not limited to the following: his liver, cecal, traverse colon and stomach were perforated through-and-through; his spleen was ruptured and had to be removed; his left diaphram and right kidney were injured; he sustained trauma to the spine and had no movement in his lower extremities; a four hour surgery was performed which included the removal of a bullet from his left anterior chest; one bullet remains lodged against his spine.

12. At the time Sebastian was repeatedly shot in the back by Officer Perez, Sebastian was not committing a crime and had not threatened Officer Perez. Sebastian did not engage in any conduct at the time he was shot that justified Officer Perez's use of any amount of force upon him - let alone the use of deadly force.

13. Sebastian was never arrested for any crime relating to this incident.

### COUNT I – THE GREGORYS', AS PARENTS AND NATURAL GUARDIANS OF SEBASTIAN, CLAIM UNDER 42 U.S.C. § 1983 (FOURTH AMENDMENT) AGAINST OFFICER PEREZ

14. The Gregorys, as parents and natural guardians of Sebastian, repeat and reallege Paragraphs 1-13 and incorporate them herein.

15. At all times material, Officer Perez was acting under color of state law.

16. Officer Perez had no probable cause to believe that Sebastian committed any crime or was about to commit a crime.

3

17. Officer Perez had neither reasonable suspicion nor particularized probable cause when he unlawfully seized Sebastian by using deadly force and restraint, shooting Sebastian in the back multiple times. Indeed, Sebastian was not even under arrest when he was seized by deadly force.

18. Sebastian posed no threat to Officer Perez at the time he was forcefully seized, nor was he resisting Officer Perez in any way.

19. Officer Perez's use of deadly force against Sebastian was clearly excessive as he posed no threat of harm to Officer Perez, nor was he under arrest, nor was there probable cause or reasonable suspicion that he committed a crime.

20. Officer Perez knew or should have known that his excessive use of deadly force against Sebastian without cause violated Sebastian's Fourth Amendment rights.

21. Regardless of the legality or illegality of the seizure of Sebastian, Officer Perez's excessive use of force used against Sebastian was not objectively reasonable.

22. The use of force at the level used herein was objectively unreasonable under the circumstances.

23. All of the acts described herein deprived Sebastian of rights secured to him by the United States Constitution; specifically, those rights secured to Sebastian by the Fourth Amendment to the United States Constitution, by subjecting him to an unreasonable search and seizure and excessive use of force.

24. The actions of Officer Perez, as described, have forced the Gregorys, as parents and natural guardians of Sebastian, to hire the undersigned attorneys and to pay them a reasonable fee, which they are entitled to recover pursuant to 42 U.S.C. § 1988.

25. As a direct result of the actions of Officer Perez, Sebastian suffered damages, including

physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment in the past and the future, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition, and deprivation of rights secured to him under the United States Constitution. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, the Gregorys, as parents and natural guardians of Sebastian, demand judgment against Officer Perez for compensatory damages, economic and non-economic damages including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

### COUNT II – THE GREGORYS', AS PARENTS AND NATURAL GUARDIANS OF SEBASTIAN, CLAIM (FOURTEENTH AMENDMENT) AGAINST OFFICER PEREZ

26. The Gregorys, as parents and natural guardians of Sebastian, repeat and reallege Paragraphs 1-13 and incorporate them herein.

27. At all times material, Officer Perez was acting under color of state law.

28. Officer Perez had no probable cause to believe that Sebastian committed any crime or was about to commit a crime.

29. Officer Perez had neither reasonable suspicion nor particularized probable cause when he unlawfully seized Sebastian by using deadly force and restraint, shooting Sebastian in the back multiple times. Indeed, Sebastian was not even under arrest when he was seized by deadly force.

30. Sebastian posed no threat to Officer Perez at the time he was forcefully seized, nor was he resisting Officer Perez in any way.

31. Officer Perez's use of deadly force against Sebastian was clearly excessive as he posed no threat of harm to Officer Perez, nor was he under arrest, nor was there probable cause or reasonable suspicion that he committed a crime.

32. Officer Perez's physical assault upon Sebastian with deadly force was a direct cause of the injuries sustained by Sebastian. This assault was a proximate cause of the deprivation of Sebastian's Fourteenth Amendment liberty interest to bodily integrity and the right to be free from grossly excessive force; further, the assault shocks the conscience and is far outside the boundary of behavior found acceptable by any societal standards.

33. The use of force at the level used herein was objectively unreasonable under the circumstances.

34. All of the acts described herein deprived Sebastian of rights secured to him by the United States Constitution; specifically, those rights secured to Sebastian by the Fourteenth Amendment to the United States Constitution.

35. The actions of Officer Perez, as described, have forced Sebastian to hire the undersigned attorneys and to pay them a reasonable fee, which Sebastian is entitled to recover pursuant to 42 U.S.C. § 1988.

36. As a direct result of the actions of Officer Perez, Sebastian suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment in the past and the future, loss of earnings, loss of ability to earn money, aggravation of a previously

existing condition, and deprivation of rights secured to him under the United States Constitution. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, the Gregorys, as parents and natural guardians of Sebastian, demand judgment against Officer Perez for compensatory damages, economic and non-economic damages including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## COUNT III – THE GREGORYS', AS PARENTS AND NATURAL GUARDIANS OF SEBASTIAN, CLAIM AGAINST THE COUNTY FOR STATE LAW BATTERY

37. The Gregorys, as parents and natural guardians of Sebastian, repeat and reallege Paragraphs 1-13 and incorporate them herein.

38. The County, through its agent, Officer Perez, used force that was excessive and unreasonable under the circumstances against Sebastian, injuring him as described herein. The actions of Officer Perez constituted an unwarranted battery upon Sebastian.

39. The County is liable pursuant to Section 768.28, Florida Statutes, for the actions of Officer Perez.

40. As a direct result of the actions of Officer Perez, Sebastian suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment in the past and the future, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition, and deprivation of rights secured to him under the United States

Constitution. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, the Gregorys, as parents and natural guardians of Sebastian, demand judgment against the County for compensatory damages, economic and non-economic damages including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, money damages, court costs, prejudgment interest, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## COUNT IV – THE GREGORYS', AS PARENTS AND NATURAL GUARDIANS OF SEBASTIAN, CLAIM AGAINST OFFICER PEREZ FOR STATE LAW BATTERY

41. The Gregorys, as parents and natural guardians of Sebastian, repeat and reallege Paragraphs 1-13 and incorporate them herein.

42. Officer Perez used force that was excessive and unreasonable under the circumstances against Sebastian, injuring him as described herein. The actions of Officer Perez constituted an unwarranted battery upon Sebastian.

43. Officer Perez did intentionally cause harm to Sebastian by shooting Sebastian in the back multiple times.

44. Officer Perez did intentionally desire to cause Sebastian to fear physical harm.

45. These actions were undertaken in acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Sebastian's rights, safety, or property.

46. As a direct result of the actions of Officer Perez, Sebastian suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment in the past and

the future, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition, and deprivation of rights secured to him under the United States Constitution. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, the Gregorys, as parents and natural guardians of Sebastian, demand judgment against Officer Perez for compensatory damages, economic and non-economic damages including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## COUNT V – THE GREGORYS', AS PARENTS AND NATURAL GUARDIANS OF SEBASTIAN, CLAIM AGAINST OFFICER PEREZ FOR STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. The Gregorys, as parents and natural guardians of Sebastian, repeat and reallege Paragraphs 1-13 and incorporate them herein.

48. Officer Perez used force that was excessive and unreasonable under the circumstances against Sebastian, injuring him as described herein. Officer Perez did intentionally and recklessly cause harm to Sebastian.

49. Officer Perez's actions were outrageous.

50. These actions were undertaken in acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Sebastian's rights, safety, or property.

51. As a direct result of the actions of Officer Perez, Sebastian suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of

life, expense of hospitalization, medical and nursing care and treatment in the past and the future, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition, and deprivation of rights secured to him under the United States Constitution. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, the Gregorys, as parents and natural guardians of Sebastian, demand judgment against Officer Perez for compensatory damages, economic and non-economic damages including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## COUNT VI – THE GREGORYS', AS PARENTS AND NATURAL GUARDIANS OF SEBASTIAN, CLAIM AGAINST OFFICER PEREZ FOR STATE LAW FALSE IMPRISONMENT

52. The Gregorys, as parents and natural guardians of Sebastian, repeat and reallege Paragraphs 1-13 and incorporate them herein.

53. Officer Perez used force that was excessive and unreasonable under the circumstances against Sebastian, injuring him as described herein. The conduct of Officer Perez approaching Sebastian, ordering Sebastian to the ground, and shooting Sebastian in the back, deprived Sebastian of his liberty and amounted to an unlawful detention and against Sebastian.

54. The conduct of Officer Perez was against Sebastian's will, and was unreasonable and unwarranted under the circumstances.

55. Officer Perez did not have the legal authority to unlawfully detain Sebastian or to deprive

10

Sebastian of his liberty.

56. These actions were undertaken in acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of Sebastian's rights, safety, or property.

57. As a direct result of the actions of Officer Perez, Sebastian suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment in the past and the future, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition, and deprivation of rights secured to him under the United States Constitution. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, the Gregorys, as parents and natural guardians of Sebastian, demand judgment against Officer Perez for compensatory damages, economic and non-economic damages including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

### COUNT VII – THE GREGORYS', AS PARENTS AND NATURAL GUARDIANS OF SEBASTIAN, CLAIM AGAINST THE COUNTY FOR STATE LAW FALSE IMPRISONMENT

58. The Gregorys, as parents and natural guardians of Sebastian, repeat and reallege Paragraphs 1-13 and incorporate them herein.

59. Officer Perez used force that was excessive and unreasonable under the circumstances against Sebastian, injuring him as described herein. The conduct of Officer Perez

11

approaching Sebastian, ordering Sebastian to the ground, and shooting Sebastian in the back, deprived Sebastian of his liberty and amounted to an unlawful detention and against Sebastian.

60. The conduct of Officer Perez was against Sebastian's will, and was unreasonable and unwarranted under the circumstances.

61. Officer Perez did not have the legal authority to unlawfully detain Sebastian or to deprive Sebastian of his liberty.

62. As a direct result of the actions of Officer Perez, Sebastian suffered damages, including physical injury, resulting pain and suffering, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment in the past and the future, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition, and deprivation of rights secured to him under the United States Constitution. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, the Gregorys, as parents and natural guardians of Sebastian, demand judgment against the County for compensatory damages, economic and non-economic damages including but not limited to damages for emotional distress and pain and suffering, damages for impairment to earning capacity, punitive damages, money damages, court costs, prejudgment interest, reasonable attorney's fees, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## COUNT VIII – THE GREGORYS', IN THEIR INDIVIDUAL CAPACITIES, LOSS OF FILIAL CONSORTIUM CLAIMS AGAINST DEFENDANTS

63. The Gregorys, in their individual capacities, repeat and reallege Paragraphs 1-13 and incorporate them herein.

64. Prior to May 28, 2012, Sebastian was in good health and fully capable of performing, and did perform all of his duties as a minor child, and as result thereof, the Gregorys received substantial support, comfort, and happiness by virtue of Sebastian's loving society and companionship.

65. As a direct and proximate result of the actions of Officer Perez on May 28, 2012, Sebastian is now permanently disabled.

66. As a direct and proximate result of the actions of Officer Perez on May 28, 2012, the Gregorys are required to care for and perform services for their child; have been deprived of the value of Sebastian's ordinary day-to-day services as well as the loss of companionship, society, love, affection, and solace of Sebastian; and will continue to be so deprived in the future.

WHEREFORE, the Gregorys, in their individual capacities, demand judgment against Defendants for compensatory damages, economic and non-economic damages including but not limited to damages for the loss of Sebastian's ordinary day-to-day services and earnings, loss of companionship and society of Sebastian, lost wages incurred while caring for Sebastian, damages for emotional distress and pain and suffering, money damages, court costs, prejudgment interest, and all other relief the Court sees fit to grant after trial by jury on all issues so triable.

## JURY TRIAL DEMANDED

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted this 18th day of April, 2013.

/s/ **Joshua M. Entin**
Joshua M. Entin, Esq.
FBN 493724
*Josh@EntinLaw.com*
Richard Della Fera, Esq.
FBN 066710
*Richard@EntinLaw.com*

ENTIN & DELLA FERA, P.A.
110 S.E. Sixth Street, Suite 1970
Fort Lauderdale, FL 33301
Tel: (954) 761-7201
Fax: (954) 764-2443
*Counsel for Plaintiffs*